# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID RAMAGE,**

    Plaintiff,

-vs-                      Case No. 15-C-1452

**KELLY KINCAID,**

    Defendant.

## DECISION AND ORDER

David Ramage, proceeding *pro se*, sues various employees of the State Department of Corrections, primarily an individual named Kelly Kincaid. Ramage alleges that Kincaid and others violated state law by imposing electronic monitoring in relation to a state criminal conviction.

The Court lacks jurisdiction over a claim for damages arising from a violation of state law because the parties are not diverse and the amount in controversy, as alleged in the complaint, does not exceed $75,000. 28 U.S.C. § 1332(a)(1). Ramage claims that the parties are diverse, presumably because he is homeless and asserts that he is a "citizen of the world." Citizenship for diversity purposes, however, is determined by a party's domicile, which is the state where a party is physically present with an intent to remain there indefinitely. *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) (citing *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993)). Even if Ramage

intends to go live somewhere else, there is no jurisdiction due to the minimal amount in controversy.

Moreover, while Ramage states that he wants damages by filling out the standard complaint form for non-prisoner filers without lawyers,[1] the primary relief requested by Ramage is the removal of the GPS/electronic monitoring system. If anything, such a claim would be cognizable in a habeas corpus proceeding, not a civil lawsuit. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (discussing the distinction between civil actions under 42 U.S.C. § 1983 and habeas actions under 28 U.S.C. § 2254).

Ramage's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**, but this matter is **DISMISSED** for lack of jurisdiction and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated at Milwaukee, Wisconsin, this 20th day of January, 2016.

         **SO ORDERED:**

         _____
         **HON. RUDOLPH T. RANDA**
         **U.S. District Judge**

---

[1] Under Part C., "Jurisdiction," the plaintiff is asked to indicate if he is suing under federal or state law. Ramage checked the state law box: "I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ ____." Ramage wrote "2103."